### Frank P. Illsley, Appellee, v. Peerless Motor Car Company, Appellant.

### Gen. No. 21,006. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed on remittitur. Opinion filed December 21, 1915.

## Statement of the Case.

Action by Frank P. Illsley, plaintiff, against the Peerless Motor Car Company, defendant, in the Circuit Court of Cook county, to recover "commissions" alleged to be due under a written contract by which defendant made plaintiff its agent for the sale of its motor cars. From a judgment for plaintiff for $1,985, defendant appeals.

By the terms of said written contract plaintiff was made the "exclusive agent" of defendant until November 1, 1904, for the sale of its motor cars "in the territory included in State of Illinois north of a line drawn east and west through the City of Vandalia, Ill., to a

line east and west located 125 miles north and east of Chicago, with the exception of the City of Milwaukee, Wis., and State of Iowa east of a line drawn north and south through Des Moines.'' Plaintiff, in consideration of his appointment as such agent, agreed, among other things, to do all local advertising and conduct all local shows and exhibits at his own expense; to maintain proper sales rooms and repair and storage rooms at Chicago, Illinois; to carry in stock at all times at least one of the defendant's cars for demonstrating purposes and one or more new cars for sale, together with reasonable supplies for repairs; and to order from defendant not less than twenty-five, 4 cylinder, 24 horse-power cars, to be delivered at stated times during a period of eight months from the date of the contract. Plaintiff was to be allowed a discount of twenty per cent. from defendant's list prices, as fixed from time to time, on all cars purchased from defendant. Plaintiff further agreed to devote his best energies to the sale of defendant's products, to refer promptly to defendant all inquiries received from territory other than his own, and not to sell or deliver any of defendant's products in any territory other than his own except by defendant's permission in writing, and plaintiff further agreed that neither he nor any one for him should sell defendant's products at a price less than the list price at the time of such sale.

Plaintiff claimed that on January 19, 1904, while said contract was in force, defendant, either directly or through its agent at the City of Milwaukee, accepted an order for the sale and delivery of one of its automobiles or cars to Frank K. Bull, residing at Racine, Wisconsin (within plaintiff's exclusive territory), at the list price of $6,445, including certain extras, and that subsequently and while said contract was in force defendant sold and delivered said car to said Bull at said price at Milwaukee without plaintiff's

consent; that about December 1, 1903, while said contract was in force, defendant without plaintiff's consent sold at Chicago, Illinois (within plaintiff's said territory), another of its cars to A. C. Banker, residing in Chicago, for the price of $3,750; and that by reason of said two sales plaintiff became entitled to "commissions upon said sales of twenty per cent. of the sums of money received for the same," which "commissions" defendant had refused to pay plaintiff. The award of the jury on the first trial, viz., $2,039, is twenty per cent. of the aggregate amount of both of said sales.

The case was here before (177 Ill. App. 459), and after the cause had been redocketed in the Circuit Court, plaintiff, by leave of court, on March 11, 1914, filed an additional count to his declaration, which was similar to the special count originally filed except that it contained the further allegation that "there existed in the automobile trade at the time when said contract was entered into a certain uniform trade custom and usage, which entered into the aforesaid agreement, that an exclusive agent was entitled to commissions on all cars disposed of by the defendant either by itself or any other agent of the defendant within the territory in said contract described." To this additional count defendant filed a plea of the general issue, and two special pleas to the effect that the supposed cause of action did not accrue to the plaintiff (a) within ten years or (b) within five years next before the filing of said additional count. To these special pleas plaintiff filed general demurrers and the demurrers were sustained.

The substantial facts regarding the Bull transaction are stated in the former opinion of this court (177 Ill. App., p. 462) and need not be repeated.

As to the transaction with Banker, the evidence disclosed that he was the sales agent of defendant prior to the appointment of plaintiff; that upon the termina-

tion of his agency Banker asserted a claim against defendant for damages because of his alleged wrongful dismissal and for a credit balance due him; and that this claim was finally settled by the delivery to him by defendant of a car, the list price of which was $3,750. While it appears that plaintiff complained to defendant that the delivery of a car to Banker would be detrimental to plaintiff's business, there is a sharp conflict in the evidence as to whether or not plaintiff did not finally assent to such delivery; and plaintiff testified: "I did not canvass Mr. Banker or attempt to sell him a car. I do not think I could have sold a car to Banker; * * * he was not a prospective customer in any way."

MONTGOMERY, HART, SMITH & STEERE, for appellant.

H. F. DICKINSON, for appellee.

W. H. TATGE, of counsel.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 387*—*when evidence insufficient to establish breach of contract.* In an action to recover on a contract where defendant agreed that plaintiff should have an exclusive right to sell its motor cars within a named territory and should have as his compensation for such sales an agreed discount from defendant's listed price therefor, and the breach relied on to sustain the action was that the defendant directly or indirectly sold one of its cars within plaintiff's territory, evidence *held* sufficient to support a finding that plaintiff could not have made the sale, and that he did not sustain any actual damages as a result of such sale.

2. CONTRACTS, § 387*—*when evidence sufficient to establish breach of contract.* In an action to recover on a contract whereby defendant agreed that plaintiff should have the exclusive right to sell its motor cars within a named territory and should have as his compensation for such sales an agreed discount from defendant's listed

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

price therefor, where the breach relied on to sustain the action was that defendant directly or indirectly sold one of such cars within plaintiff's territory, evidence *held* to warrant a finding that plaintiff could have made the sale, and that plaintiff suffered substantial damages.

3. INTEREST, § 56*—*how should be computed upon breach of contract.* In an action to recover on a contract whereby defendant agreed that plaintiff should have the exclusive right to sell its cars within a named territory, and should have as his compensation an agreed discount on defendant's listed price for cars sold by plaintiff, and where judgment for plaintiff included the amount of such discount on the price obtained for a car sold by defendant within such territory in breach of the contract, *held* that interest should be computed on the amount of the discount from the date of such sale.

4. INTEREST, § 81*—*when error exists in computation of interest.* In an action to recover on a contract whereby defendant agreed that plaintiff should have the sole right to sell its motor cars within a named district, a judgment for plaintiff of $1,921.83, *held* excessive to the extent of $63.17.